# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-16-01232-PHX-NVW (DMF) |
|---|---|
| Plaintiff/Respondent, | CR 15-00356-PHX-NVW |
| v. | **REPORT AND RECOMMENDATION** |
| Andrey Esteban Flores-Rayos, | |
| Defendant/Movant. | |

**TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:**

Movant Andrey Esteban Flores-Rayos, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma, filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1; CR 36). The Court called for an answer to the § 2255 Motion (Doc. 3). Respondent answered (Doc. 7), and Movant replied (Doc. 8).

## I.  PROCEDURAL HISTORY

Pursuant to a plea agreement, Movant pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR 17)[1] The plea agreement provided that Movant would receive a sentence at the low end of the applicable Sentencing Guidelines range, as determined by the Court. (CR 17 at 3)  In addition, the Government agreed to recommend that Movant receive a two-level downward departure for minor role pursuant to United States Sentencing Guideline §

---

[1] Clerk's Record from Defendant/Movant's criminal case, CR-15-00356-PHX-NVW, will be referred to as "CR".

3B1.2(b). (*Id.*)  The Government also agreed to recommend that Movant receive a two-level downward departure pursuant to United States Sentencing Guideline §§ 2D1.1(b)(17) and 5C1.2(a), provided Movant was eligible for such a reduction and he truthfully provided all information and evidence he had concerning the offenses that were part of the same course of conduct or of a common scheme or plan. (*Id.*)  The plea agreement stated that the recommendations were not binding on the Court and the Movant would not be able to withdraw the guilty plea if the Court does not follow the recommendation (CR 17 at 4).

The plea agreement contained several paragraphs stating that Movant understood each of the provisions set forth therein, that he voluntarily agreed to the plea, and that he had discussed his rights with his attorney. (CR Doc. 17 at 7).  The plea agreement stated that Movant was advised by his attorney of the nature and range of the possible sentence, and that the ultimate sentence "shall be determined by the Court after consideration of the advisory Sentencing Guidelines." (CR Doc. 17 at 7-8).  Within the plea, Movant agreed that any promises or predictions regarding a sentence that were not otherwise included in the plea agreement were null and void and would have no force or effect. (CR Doc. 17 at 8).  Movant confirmed that he was satisfied that his defense attorney had represented him in a competent manner, (*Id.*), and reasserted that he fully understood the terms and conditions of the plea agreement (*Id.*).

Defense counsel also signed the plea agreement and avowed as follows:

> I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.

(CR Doc. 17 at 9).

At the change of plea proceedings, Movant was assisted by an official court interpreter. (RT 06/03/15 at 2). Defense counsel avowed that he had went over the plea agreement and related documents with Movant no less than four times at the jail before the change of plea proceedings. (RT 06/03/15 at 4). Movant told Magistrate Judge Boyle that he understood that any estimates of his sentencing guideline range were not binding on the sentencing judge, District Judge Wake. (RT 06/03/15 at 7). Movant told Magistrate Judge Boyle that he understood about the plea agreement is that is contained a waiver of appeal and post sentence motions, and that his attorney had reviewed such in Spanish with him. (RT 06/03/15 at 10). Movant stated that his attorney had answered all his questions and Movant was satisfied with the work his attorney had done for him. (RT 06/03/15 at 14). Movant said he understood all the questions Magistrate Judge Boyle had asked him, and he had answered such questions truthfully. (RT 06/03/15 at 14). Magistrate Judge Boyle found that the Movant "knowingly, intelligently, and voluntarily entered a plea of guilty" and understood the charge. (RT 06/03/15 at 15). Magistrate Judge Boyle stated that "[i]t's clear to me that you have understood what's happened even with the interpreter. We have had good communication today and you have paid attention to everything I have said." (RT 06/03/15 at 15).

On August 10, 2015, the Court sentenced Movant to a 48-month term of imprisonment followed by 3 years on supervised release. (CR 33)

## II. THE § 2255 MOTION

In the § 2255 Motion, Movant alleges two grounds for relief. In Ground One, he claims that he received ineffective assistance of counsel because his attorney failed to help him obtain certain "benefits," like the Safety Valve and the Fast Track program, which Movant asserts would have lowered his sentence. In Ground Two, Movant alleges that his limited knowledge of the law and the English language, together with "poor legal advice," prevented him from understanding some of his criminal proceedings. In Ground Two, Movant appears to be seeking to invalidate his plea agreement, including its waiver provisions, based on ineffective assistance of counsel and an alleged involuntary and/or unknowing guilty plea.

The Government argues that Movant waived any claim other than ineffective assistance of counsel and that Movant has not shown such ineffective assistance of counsel.

### III. WAIVER & KNOWING/VOLUNTARY PLEA

Some constitutional rights are automatically waived by entering an unconditional guilty plea such as the right to a jury trial, the right to confront one's accusers, and the right to invoke the privilege against self-incrimination, *McCarthy v. United States,* 394 U.S. 459, 466 (1969), as well as the right to challenge constitutional defects which occur before entry of the plea. *United States v. Broce,* 488 U.S. 563, 573–74 (1989). A guilty plea essentially breaks the chain of events that preceded it in the criminal process. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). In other words, once a defendant enters a valid guilty plea, he can no longer raise a claim of violation of constitutional rights that arose prior to the plea. *Id.* at 267; *U.S. v. Benson,* 579 F.2d 508, 510 (9th Cir.1978).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

Moreover, Movant's plea agreement included a waiver of "any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction ... the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any ... motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions)." (CR 31 at 5). The waiver further stated that it "shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction … or sentence in this case." (*Id.*) The exception stated was that the "waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel." (*Id.*)

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v.*

*Jeronimo,* 398 F.3d 1149, 1153 (9th Cir.2005), *cert. denied,* 546 U.S. 883 (2005). The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see UnitedStates v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Similarly, the right to collateral review may be waived. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Specifically, a defendant may waive the statutory right to challenge his sentence under § 2255. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994) (citation omitted).

To be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin,* 34 F.3d 896, 898 (9th Cir.1994). Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his guilty plea was knowing and voluntary. *Cf. United States v. Mims,* 928 F.2d 310, 313 (9th Cir.1991) (reaching this holding in a section 2255 case); *United States v. Walker,* 160 F.3d 1078, 1096 (6th Cir.1998) (holding, in a section 2255 case, that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the] consequences [of a plea agreement]."). Because he was adequately informed of the consequences of his plea by the Court, Movant's guilty plea can be considered voluntary and knowing. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). The record reflects, and the undersigned concludes, that Defendant's guilty plea under the plea agreement was knowingly and voluntarily made.

Movant's claim that he went through the proceedings not understanding them because of his limited knowledge of English and the laws is belied by the record. At his change of plea and sentencing hearings, Movant was assisted by a Spanish interpreter he said and it appeared he understood. Movant also expressly affirmed that the waiver provision of his plea agreement was read to him in Spanish when he met with his attorney, his attorney described going over the plea agreement no less than four times with Movant, and Movant affirmed that he was satisfied with defense counsel's representation of him. The record supports the Court's finding of a plea agreement

entered into voluntarily and intelligently..

At the sentencing hearing before the District Judge Wake, Defendant was asked whether he was able to understand everything the interpreter was saying to him in Spanish, and Defendant affirmed. (RT 8/10/15 at 2.) Defendant also acknowledged that he understood the sentence that was imposed. (RT 8/10/15 at 16.) In fact, Defendant asked the court to confirm that the sentence to be imposed would be 48 months. (RT 8/10/15 at 14.) The transcripts of both the change of plea and sentencing hearings demonstrate that Defendant understood the proceedings, and that defense counsel's performance was reasonable. (RT 6/3/15 and RT 8/10/15.) Defendant agreed that his attorney's performance was satisfactory. (RT 6/3/15 at 14.) Therefore, Defendant has failed to establish that his plea was not knowing and voluntarily made.

Further, the Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.... [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474 U.S. 52, 56–57 (1985) (internal quotation marks and citations omitted). Because, as discussed below, the undersigned concludes that Movant has failed to establish ineffective assistance of counsel in entering into the plea agreement, Movant is bound by his plea agreement's waiver, and the motion must be dismissed with prejudice.

**IV.  INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING PLEA AGREEMENT**

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington,* 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show: (1) deficient performance —counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687–88. Although the movant must prove both

elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *U.S. v. Quinterro–Barraza,* 78 F.3d 1344, 1348 (9th Cir.1995), *cert. denied,* 519 U.S. 848 (1996); *U.S. v.Molina,* 934 F.2d 1440, 1447 (9th Cir.1991). The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *U.S. v. Pregler,* 233 F.3d 1005, 1009 (7th Cir.2000). An objective standard applies to proving such deficient performance, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." *United States v.Houtcens,* 926 F.2d 824, 828 (9th Cir.1991) (quoting *Strickland,* 466 U.S. at 687–90). The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the circumstances. *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986); *Strickland,* 466 U.S. at 689.

To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. at 694. The pleading defendant must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985); *Strickland,* 466 U.S. at 694. The Court must assess the circumstances surrounding the case to determine if the petitioner's allegation that he would have proceeded to trial is plausible. *See United States v. Keller,* 902 F.2d 1391, 1394–95 (9th Cir.1990) (movant failed to show prejudice because he entered plea as alternative to long trial, possible conviction on more serious charges and a longer sentence). Moreover, it is clear that the failure to take futile action can never be deficient performance. *See Rupev. Wood,* 93 F.3d 1434, 1445

(9th Cir.1996); *Sexton v. Cozner,* 679 F.3d 1150, 1157 (9 th Cir.2012). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. UnitedStates,* 692 F.2d 565, 572 (9th Cir.1982).

Movant has failed to meet both prongs of the Strickland test. First, Movant cannot show that his defense counsel's performance fell below an objective standard of reasonableness. The movant alleges that he had "very little communication" with his attorney, and as a result, his defense counsel "did not assist [him] in obtaining some benefits that would lower [his] sentence, such as the safety valve, or the Fast Track Program for Deportable Aliens." (Doc. 1 at 5.)  Movant's claim that he was eligible for a so-called "Fast Track" benefit is false. He appears to be referring to an offense-level reduction offered to some defendants who have violated 8 U.S.C. § 1326 (Reentry of a Removed Alien). Movant was not convicted of 8 U.S.C. § 1326. He was charged with and convicted of a drug offense. There is no "Fast Track" benefit available to drug offenders. Therefore, defense counsel was not ineffective for failing to secure for Movant an offense-level reduction that did not apply to him.

Movant also claims that his defense counsel was ineffective for failing to secure a safety-valve reduction for him. (Doc. 1 at 5.) However, one of the requirements for eligibility under U.S.S.G. § 5C1.2 is that Defendant must truthfully provide to the Government all information and evidence Defendant has concerning the offense. (U.S.S.G 5C1.2(a)(5).) The record is clear that Movant was given multiple opportunities to provide information to the Government but was not truthful. This cannot be attributed to counsel.

Further, the record belies Movant's conclusory allegations about having very little communication with his attorney. His attorney avowed that he had met with Movant about the plea agreement no less than four times, and Movant stated his attorney had answered his questions and he was satisfied with the representation.

In sum, the Court finds that Movant's guilty plea under the plea agreement was knowing and voluntary, and, thus, the waiver in his plea agreement is valid and enforceable. Movant may only raise ineffective assistance of counsel claims. He has

done so, but his claims lack merit.

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted by the District Judge's order, a Certificate of Appealability be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 8th day of February, 2017.

/s/ Deborah M. Fine
Honorable Deborah M. Fine
United States Magistrate Judge